# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

WU WEI TONG,

    Petitioner,

v.

ATTORNEY GENERAL, et al.,

    Respondents.

Case No. 2:17-cv-1007
Judge George C. Smith
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

This case is before the Court to consider Respondent's Motion to Dismiss for Lack of Jurisdiction. (Doc. 4). For the reasons that follow, the Court **RECOMMENDS** that the Motion be **GRANTED**, and that this action be **DISMISSED**.

### I. BACKGROUND

On November 15, 2017, Petitioner, a native and citizen of the People's Republic of China, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, explaining that he had been in the custody of U.S. Immigration and Customs Enforcement ("ICE") pending removal since March 17, 2017. (Doc. 1 at 3). Petitioner argued that the length of his detention pending removal contravened 8 U.S.C. § 1231(a)(6) (Count I), and was in violation of his substantive and procedural due process rights (Counts II and III). (*Id.* at 7–8 (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001)). Thus, Petitioner requested that this Court grant him a writ of habeas corpus directing Respondents to immediately release him from custody. (*Id.* at 9).

This Court ordered Respondents to show cause why the writ should not be granted (Docs. 2–3). On December 18, 2017, Respondents filed a Motion to Dismiss for Lack of Jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. 4). Attached to

Respondents' Motion is a declaration from ICE Deportation Officer Oscar E. Blair, Jr., indicating that Petitioner was removed from United States to the People's Republic of China on December 4, 2017. (Doc. 4-1 at ¶ 11).

## II. DISCUSSION

It is well established that federal courts may only adjudicate live cases or controversies. *Hall v. Beals*, 396 U.S. 45, 48 (1969). Consequently, federal courts lack jurisdiction to consider a case when it has "lost its character as a present, live controversy and thereby becomes moot." *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (internal quotation and citation omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id*. (quoting *Int'l Union v. Dana Corp.*, 697 F.2d 718, 720–21 (6th Cir. 1983)).

"Several courts have determined that where an alien is released from ICE custody pending removal from the United States, his petition for relief under *Zavydas* is moot." *Patel v. Streiff*, No. 06-00584, 2008 WL 748396, *2 (S.D. Ala. Mar. 18, 2008) (internal quotations and citation omitted); *see also Dubois v. Hendricks*, No. 14-3861, 2014 WL 4105482, at *2 (D.N.J. Aug. 18, 2014) (finding petition moot because there was no longer a live case or controversy); *Emeni v. Holder*, No. 6:13-cv-6404, 2014 WL 347799, at *3 (W.D.N.Y. Jan. 31, 2014) (same); *Rojas v. Lowe*, No. 1:cv-13-871, 2013 WL 5876851, at *3 (M.D. Pa. Oct. 30, 2013) (same).

Based on the foregoing, the Court finds that the petition no longer reflects a present, live controversy, and it is, therefore, **MOOT**. Consequently, the Court **RECOMMENDS** that Respondents' Motion to Dismiss (Doc. 4) be **GRANTED**, and that this case be **DISMISSED**.

### III. CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that the Motion to Dismiss be **GRANTED** (Doc. 4)**,** and that this action be **DISMISSED** as **MOOT.**

### IV. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    IT IS SO ORDERED.

Date: December 19, 2017                          /s/ Kimberly A. Jolson
                                                              KIMBERLY A. JOLSON
                                                              UNITED STATES MAGISTRATE JUDGE